**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------------- X

Towaki Komatsu,
                                                                            **COMPLAINT**

                                                                            **JURY DEMAND**

                            Plaintiff,

                   -vs-

United States of America, Inter-Con Security, CSO laptop, CSO
Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO
Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18,
CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason
Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump,
Scott Kamien, CSO John Doe 9/21/18, CSO Dwarf, Lorna Schofield,
Colleen McMahon, Gabriel Gorenstein, Michael Greco, Ralph Sozio,
Sarah Mortazavi, Roseanne Dempsey, Johnathan Hall, Jennifer Behrens,
Duke University, Google, Inc.,

- All of the defendants listed above who are people are being sued in
  their individual and official capacities,

                            Defendants.

-------------------------------------------------------------------------------------- X

## TABLE OF CONTENTS

I.    Preliminary Remarks ................................................................................................ 1

II.   Jurisdiction and Venue .............................................................................................. 2

III.  Parties ........................................................................................................................ 2

IV.   Statement of Facts .................................................................................................. 35

V.    Causes of Action ..................................................................................................... 41

VI.   Jury Demand ........................................................................................................... 54

VII.  Prayer for Relief ..................................................................................................... 54

Plaintiff Towaki Komatsu (hereinafter referred to in the first-person as "I", "me", and "my"), proceeding pro se in this action, does hereby state and allege all that follows in this pleading.

## PRELIMINARY REMARKS

1.    The following applies throughout this complaint in the interests of brevity:

a.    Acronyms and aliases in the second column of the following table will be used throughout this complaint instead of the entries in the third column to which they correspond:

| # | Abbreviation | Corresponds To |
|---|---|---|
| 1 | AUSA | Assistant U.S. Attorney |
| 2 | Bronx DA | Bronx District Attorney's office |
| 3 | CCRB | New York City Civilian Complaint Review Board |
| 4 | CSO | Federal court security officer |
| 5 | CSOs | Federal court security officers |
| 6 | DHS | U.S. Department of Homeland Security |
| 7 | DOJ | U.S. Department of Justice |
| 8 | DPM | Daniel Patrick Moynihan federal courthouse |
| 9 | FOIA | Freedom of Information Act |
| 10 | FPS | Federal Protective Service |
| 11 | FRCP | Federal Rule of Civil Procedure |
| 12 | HRA | New York City Human Resources Administration |
| 13 | Intercon | Inter-Con Security |
| 14 | K1 | The ongoing case of *Komatsu v. City of New York*, No. 18-cv-3698 (LGS)(GWG)(S.D.N.Y.) |
| 15 | K2 | The entirely frivolous and retaliatory case of *USA v. Komatsu*, No. 18-cr-651(ST)(E.D.N.Y. Oct. 21, 2019) that was dismissed in my favor on 10/21/19 by U.S. Magistrate Judge Steven Tiscione. |
| 16 | K3 | The entirely frivolous and retaliatory Bronx Criminal Court case of *People v. Komatsu*, No. 2017BX048917 (Bronx Crim. Ct. Jan. 23, 2020) that was dismissed and sealed in my favor on 1/23/20 by Bronx Criminal Court Judge Tara Collins. |
| 17 | NYCHA | New York City Housing Authority |
| 18 | SDNY | U.S. Attorney's Office for the Southern District of New York |
| 19 | TM | Thurgood Marshal federal courthouse |
| 20 | USAO | U.S. Attorney's Office |

| 21 | USMS | U.S. Marshals Service |

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C.

§§1331. This action is brought pursuant to **a)** 42 U.S.C. §§1983, 1985, 1986, 1988; **b)** the First,

Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution; **c)** 28 U.S.C.

§566; **d)** the All Writs Act (28 U.S.C. §1651); **e)** the Federal Tort Claims Act (28 U.S.C. §2671);

**f)** *Bivens v. Six Unknown Named Federal Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619

(1971); **g)** the Freedom of Information Act; **h)** the vagueness doctrine; and **i)** the collateral order

doctrine.

2.      My claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and

2202, FRCP Rules 57 and 65, and the general legal and equitable powers of this Court.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because I reside in the Bronx and the

illegal acts and omissions that were committed against me that this complaint concerns occurred

partly in Manhattan.

4.      An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

5.      The U.S. Department of Justice has had timely notice of the vast majority of my claims in

this complaint that obviate or eliminate my need to otherwise notify it of my commencement of

this action.

## PARTIES

1.      I am, and was at all times relevant to this action, a resident of Bronx County in the State

of New York. I am also a U.S. Navy veteran, who swore to defend the U.S. Constitution against

all of its enemies indefinitely and without exceptions. I have honored that oath and continue to

do so.

2.     Throughout the vast majority of all times relevant herein, I have known the USMS to be a criminal mob that masquerades as a law-enforcement agency that operates with impunity and retaliates against those who stand up to its criminal behavior and other types of abuse.

3.     All of the defendants who are identified with CSO in their name in this complaint were CSOs at all times relevant herein and assigned to the DPM and/or TM during that period.

4.     Upon information and belief and throughout the vast majority of all times relevant herein, Inter-Con was the direct employer of CSOs who it provided to the USMS on an outsourcing basis to work inside of and otherwise in close proximity to the DPM and TM. According to its web site that is available at http://www.icsecurity.com/, Inter-Con is located at 210 S. De Lacey Avenue in Pasadena, California. The USMS has replaced Inter-Con with Centerra Group, LLC to provide it CSOs who work inside of and otherwise in close proximity to the DPM and TM.

5.     CSO laptop is shown in the following screenshot from a video recording that was recorded on 2/27/18 inside of the TM on it first floor in a security screening area that is located to the left of TM's main entrance. This video recording was recorded by a video security camera that the USMS controls and the screenshot corresponds to the time of 12:40 pm in it. CSO laptop dropped my laptop to the ground on 2/27/18 from a height of roughly 3 feet in the immediate vicinity of the area shown in this screenshot in flagrant violation of my rights partly pursuant to the Fourteenth Amendment and Fifth Amendment before he shortly and obnoxiously thereafter told me that he wouldn't pay for any damage that caused to my laptop.



6.      The screenshot shown next is from a video recording that was recorded on 2/28/18 inside of the DPM of the main security screening area on its first floor that that is located inside of that courthouse's entrance by Worth Street. This video recording was recorded by a video security camera that the USMS controls and this screenshot corresponds to the time of 3:39 pm. In this screenshot, CSO Quealley is shown on the left as my head is turned and facing him. CSO Galgano is the criminal who is clearly shown in this screenshot as he was illegally assaulting me with Mr. Quealley then. Mr. Galgano is shown in this screenshot as he held me in a bear hug around my chest and was shoving me as he stood behind me in this screenshot. Mr. Quealley was also then shoving me as both of them were shoving me towards the exit of the DPM by Worth Street in flagrant violation of my rights that include the First Amendment, Fourth Amendment, Fifth Amendment, and Fourteenth Amendment. CSO Jane Doe 2/28/18 is the female CSO who appears at the top of this screenshot and illegally didn't try to intervene on my behalf then in violation of her affirmative Fourteenth Amendment legal duty and other laws that partly include 42 U.S.C. §1985 and 42 U.S.C §1986.



7.      At all times relevant herein, Ralph Morales was a criminal and masqueraded as a CSO.

He has worked as a CSO inside of both DPM and TM. He assaulted me inside of DPM on 7/9/18

and 8/8/18 after harassing me in it on 3/13/18 and subsequent dates as he illegally **a)** condoned

and covered-up abusive behavior by other CSOs against me in that courthouse and **b)** expressed

profanity (using variants of "fuck"), insults, slurs (this included "faggot"), and threats of violence

against me in that courthouse. He also illegally recorded me and others on 9/21/18 with an Apple

iWatch electronics device inside of the DPM on video that includes both audio and video. He

also repeatedly lied about me and caused K2 to be commenced against me before I easily

prevailed in that case by virtue of its dismissal. Prior to becoming a CSO, nearly 20 complaints

were reported against Mr. Morales while he was a member of the NYPD's criminal mob. One of

those complaints reported that he choked someone while taking him to the ground. Mr. Morales

similarly criminally assaulted me on 8/8/18 inside of the DPM on its first floor near the court

clerk's office in front of elevators as he illegally struck me on my throat with one of his hands

and then promptly tackled me while he was off-duty as a CSO and in the presence of CSO

Manwai Lui, who was then on-duty as a CSO and my designated escort. Both Mr. Morales and

Mr. Lui lied about that assault by fraudulently claiming that I tried to assault Mr. Morales then. I

did not do so.  The next screenshot is from a video that was recorded on 8/7/18 inside of the

DPM by a video security camera that the USMS controls. The time was then roughly 2:26 pm.

Mr. Morales, CSO Foley, and I are shown at the bottom in it as Mr. Morales was off-duty as a

CSO and criminally harassing me in Mr. Foley's presence as others watched and no one

(including two unknown male CSOs shown at the top) intervened on my behalf against Mr.

Morales who is shown illegally sticking one of his fingers in my face while my hands were

lowered. Mr. Morales and I then stood near where visitors give their electronics devices to CSOs

for safekeeping in that courthouse prior to proceeding to other areas in it.



8.      The next screenshot shows CSO Lisa on the left as he stood in front of me after having

just criminally shoved me while he was on-duty as a CSO. The time in this screenshot corresponds to roughly 2:24 pm and this screenshot is from the same video as the preceding screenshot. Mr. Morales and Mr. Foley appear in the top-left and top-right respectively in this screenshot.



9.     The next screenshot shows CSO Venturella on 8/8/18 at 2:54 pm in DPM as he stood in front of the counter on the first floor where visitors drop-off their electronics devices to CSOs for safekeeping prior to moving to other areas in that courthouse after completing a security

screening. This screenshot is from a video that was recorded by a video security camera that the USMS controls. On 9/26/18, he flagrantly and angrily stalked, harassed, and shouted at me in DPM in the areas between **a)** a long corridor that leads to elevators near the Worth Street entrance to that courthouse from an area near what appears in this screenshot and b) the entrance to the courtroom in which U.S. Magistrate Judge William Pauley conducted a fair hearing on 9/26/18 in _USA v. New York City Housing Authority,_ No. 18-cv-5213 (WHP) (S.D.N.Y.). He did so while violating my Fourteenth Amendment equal protection, liberty, and due process rights as he subjected me to illegal selective-enforcement, abuse of process, discrimination, and First Amendment retaliation while I was lawfully walking to reach the public hearing that Judge Pauley conducted in _USA v. New York City Housing Authority_ on 9/26/18 that I believe was held on the 9th floor in DPM before I testified to Judge Pauley during that hearing against HRA while properly informing him that it's very similar to NYCHA and how it also operates as a slumlord. Mr. Venturella has lied to me by fraudulently claiming that I am constantly followed by CSOs in DPM for my own safety instead of being honest about by admitting that it's in furtherance of an ongoing and longstanding animosity and patently illegal vendetta against me by CSOs and the USMS to pretextually harass me and violate my privacy and constitutional rights.



10.     CSO Manwai Lui was Mr. Morales' partner in crime on 8/8/18 as they lied about me to

cover-up Mr. Morales' illegal criminal assault against me that I discussed earlier that occurred on

the first floor of DPM near the court clerk's office. Mr. Lui was also a defendant in _Vives v. City_

_of New York_, 393 F.3d 129 (2d Cir. 2004). He wasn't found liable for claim that were asserted

him in that case mainly due to a technicality. His name is misspelled in that case. The next

screenshot shows Mr. Lui on 8/8/18 at 2:43 pm in DPM on its 14th floor with me as he had his

right hand near his mouth in a way that highly suggests that he was then engaged in a radio

communication with one or more people about me while I was conducting myself lawfully and

preparing to leave that courthouse. This screenshot is from a video that was recorded by a video

security camera that the USMS controls. Mr. Lui and I had just left a court hearing that U.S.

District Judge Alvin Hellerstein conducted on the 14th floor in which Jona Rechnitz testified as I

took notes by using the notepad that appears in my right hand in this screenshot. Mr. Lui had no

objectively valid grounds to be following me on 8/8/18 in DPM irrespective of whether he was

directed to do so by the USMS. However, he illegally stalked me in that courthouse on 8/8/18 in

violation of my constitutional and privacy rights. I believe that CSO Lui was involved in setting

up an illegal trap for me as he engaged in radio communications on the 14th floor in DPM on

8/8/18 that would cause me to be met by Mr. Morales soon after I arrived on the first floor in that

courthouse from the elevator that I took with Mr. Lui that I'm seen approaching in this

screenshot.  I believe that the purpose of that trap was to give Mr. Morales an opportunity to

criminally assault me in an area in that courthouse where no video security cameras were then

installed just one day after he expressed threats against me in that courthouse and illegally stuck

one of his fingers in my face near CSO Foley that was recorded on video as he harassed me then

and tried to intimidate me that was illegally condoned and enabled by U.S. Magistrate Judge

Gabriel Gorenstein, U.S. District Judge Lorna Schofield, U.S. Chief Judge Colleen McMahon,

and others to whom I previously reported entirely valid and detailed complaints against abusive

CSOs and members of the USMS and were otherwise assigned to deal with those complaints.



11.     The next screenshot is from a video that was recorded by a video security camera that the USMS controls and shows CSO Lui on 8/8/18 at 3:06 pm in DPM on its first floor in the area where visitors drop-off their electronic devices to CSOs for safekeeping. That was shortly after Mr. Morales criminally assaulted me nearby in that courthouse and Mr. Lui joined Mr. Morales in lying about to cover that up after he handed Mr. Morales a pair of handcuffs to handcuff me instead of having properly shot Mr. Morales in his head without hesitation to end Mr. Morales' terrorism against me.



12.     The next screenshot is from a video that was recorded by a video security camera that the USMS controls and shows CSO John Doe 7/9/18 on 7/9/18 at 4:10 pm in DPM on its first floor in the area where visitors drop-off their electronic devices to CSOs for safekeeping. CSO John Doe 7/9/18 then stood to the right of Mr. Morales who was criminally assaulting me in that courthouse then by making offensive physical contact with by body that is shown in this screenshot that prompted me to engage in legal self-defense to try to engage in proper social-

distancing with that trash by attempting to get his hands off of my body. CSO John Doe 7/9/18

appears to the right of Mr. Morales in this screenshot as an unknown Black male CSO who was

then behind a counter on the left extended one of his hands that was in a white glove in response

to Mr. Morales having illegally initiated physical contact with me while I was conducting myself

lawfully in contrast to him. CSO John Doe 7/9/18 illegally made no effort to intervene on my

behalf against Mr. Morales on 7/9/18 in violation of his Fourteenth Amendment affirmative legal

duty and 42 U.S.C. §1986 as Mr. Morales illegally refused to let me proceed past him to other

areas in that courthouse and instead illegally coerced me to leave that courthouse in flagrant

violation of my constitutional rights as I conducted myself lawfully in contrast to him.



13.     The next screenshot is from a video that was recorded by a video security camera that the

USMS controls and shows CSO Bitch Boy on 7/10/18 at 4:16 pm on the 4th floor in DPM as I

talked with Jason Brasgalla of the USMS nearby in the same hallway where CSO Bitch Boy then

was. I'm referring to her as CSO Bitch Boy in this complaint because I don't know her name and

she has repeatedly referred to me as "Bitch Boy" while she has been on-duty as a CSO while

working inside of the federal courthouses in New York City as she illegally stalked me in them

while violating my privacy and constitutional rights. She also made defamatory remarks between about me in which she fraudulently suggested that I made a remark about raping her. I never made any remark about raping her. I was informed on 12/4/18 at roughly 10 am by a CSO whose last name is Perez and worked as such as a supervisor that CSO Bitch Boy had recently made a remark about me in relation to raping CSO Bitch Boy. I recorded that information in an e-mail message that I sent on 12/4/18.



14.     The next 4 screenshots are from a video that was recorded by a video security camera that the USMS controls and shows CSO Death Threat on 7/19/18 between 4:18 pm and 4:22 pm on the first floor in DPM near where visitors pickup their electronic devices from CSOs right before leaving that courthouse. The elapsed times in that video that correspond to each screenshot of him in it that appear below are shown below each screenshot.



43 seconds

3 minutes and 31 seconds

3 minutes and 32 seconds

| 2 minutes and 52 seconds | |

15.     On 7/19/18 at 5:23 pm, I sent an e-mail message to the Internal Affair division of the U.S. Department of Justice and others in which among things, I reported that CSO Death Threat illegally communicated a verbal death against me in the DPM courthouse as he and I shared it while we took it from the third floor to its first floor and that I immediately informed an unknown man who had been working for that courthouse as a cashier about the fact that CSO Death Threat had just communicated a death threat against me in that elevator while he was on-duty as a CSO. I informed of that after coincidentally crossing paths with that man the instant that I emerged from that elevator on its first floor near the court clerk's office that was then located near where that courthouse's cashiers office was located. CSO Death Threat also repeatedly violated my privacy rights and constitutional rights in that courthouse. He also did so on 6/11/18 during a court hearing that U.S. Magistrate Judge Gregory Woods conducted in the case of *USA v. Harrington* in DPM by illegally singling me out without any objectively reasonable justification as I lawfully attended that hearing. CSO Death Threat did so then by suddenly approaching me while I was seated as he ordered me to show him my identification as he refused my order to him to identify himself to me to facilitate my ability to report a valid complaint against him. He also illegally read the information that was shown on the front of my identification card in that courtroom within earshot of others who sat near him. By doing so, he flagrantly violated my privacy and constitutional rights. I thereafter submitted a letter on or about 6/12/18 that was addressed to Judge Woods in connection with the case of *USA v. Harrington* about how CSO Death Threat illegally conducted himself in Judge Woods' courtroom. Upon information and belief, CSO Death Threat made fraudulent statements about me and how I conducted myself as I attended the court hearing that Judge Woods conducted on 6/11/18 in *USA*

*v. Harrington*. Contrary to remarks that were made about me that I have seen in official government reports that I have reason to believe were made by him, I didn't behave in any disorderly, disruptive, harassing, nor threatening manner while I attended that hearing. Instead, I lawfully made astute observations about the fact that CSOs were illegally allowing that hearing to be overcrowded as I attempted to count the number of people who attended that hearing to substantiate my belief that hearing was overcrowded and a fire hazard as people blocked the exit to that courtroom. I also observed Mr. Morales as he socialized with spectators in that hearing who appeared to support the defendant in that case.

16.     CSO Walter Johnson is a CSO who has been assigned to work inside of the TM courthouse. In addition to other CSOs and members of the USMS, he has allowed the screen of a tablet computer to be positioned in a location and at an angle in the security screening area in TM on its first floor that has caused it to be viewable by me and other members of the public who visit that courthouse while an image of my face has appeared on that screen. By doing so, he has illegally violated my constitutional rights and my privacy rights. This is particularly true and accurate because an image of me that has appeared on that screen in such a manner is from K3 that Bronx Criminal Court Judge Tara Collins dismissed in my favor and sealed on 1/23/20. The following shows the image of me that was on that tablet screen that violated Judge Collins' sealing order:



17.     Following 1/23/20, the preceding image of me from that case and the illegal arrest of me

on 12/26/17 by the NYPD's criminal mob that caused K3 to be frivolously and maliciously

commenced was illegally shown on that tablet computer screen while Mr. Johnson was aware of

that because I talked about that with him and other CSOs while he was within earshot of those

conversations as I told them that it was illegal for my face from K3 to be shown on that tablet

because of Judge Collins' 1/23/20 sealing order. Prior to 2/27/18 as well as on additional dates

that I believe may have been after then, Mr. Johnson illegally prevented me from exercising my

right to attend public court hearings in TM while seating was available on the benches in those

courtroom as he and other CSOs illegally discriminated against me by restricting such seating to

others in flagrant violation of my rights pursuant to the First Amendment, Fourth Amendment,

and Fourteenth Amendment to have equal access to public court hearings that is articulated quite

well in both **a)** the excerpt from the U.S. Supreme Court's controlling decision in _Houchins v._

_KQED, Inc._, 438 U.S. 1, 98 S. Ct. 2588, 57 L. Ed. 2d 553 (1978) in which it stated that ""the

Constitution provides the press with no greater right of access to information than that possessed

by the public at large" as well as in b) the following excerpt from the U.S. Supreme Court's

controlling decision in _Nixon v. Warner Communications, Inc._, 435 U.S. 589, 98 S. Ct. 1306, 55

L. Ed. 2d 570 (1978):

> "The First Amendment generally grants the press no right to information about a trial
> superior to that of the general public. "Once beyond the confines of the courthouse, a
> news-gathering agency may publicize, within wide limits, what its representatives have
> heard and seen in the courtroom. But **the line is drawn at the courthouse door; and
> within, a reporter's constitutional rights are no greater than those of any other
> member of the public.**" _Estes_ v. _Texas,_ 381 U. S. 532, 589 (1965) 610*610 (Harlan, J.,
> concurring). Cf. _Saxbe_ v. _Washington Post Co.,_ 417 U. S. 843
> (1974); _Pell_ v. _Procunier,_ 417 U. S. 817 (1974). See also _Zemel_ v. _Rusk,_ 381 U. S. 1, 16-
> 17 (1965)."
>
> (boldface formatting added for emphasis)

18.    Jason Bragalla works for the USMS and has been personally with Brian McHugh and

Leonardo Toro of the USMS in criminally directing CSOs to illegally stalk me in the DPM and

TM in furtherance of a patently illegal vendetta against me that illegally persists long after I

prevailed in K2 on 10/21/19 by virtue of the dismissal of that entirely frivolous and retaliatory

case that Mr. Brasgalla, Mr. McHugh, and Mr. Toro enabled by illegally directing CSOs to stalk

me inside of DPM and TM while objective prudence demanded that CSOs stay away from me as

much as possible inside of those courthouses primarily because they were committing illegal acts

against me in them that included illegally covering-up illegal acts against me inside of those

courthouses. What follow are two screenshots that are from a video that was recorded by a video

security camera that the USMS controls that is installed in a hallway on the 4th floor in DPM.

The screenshot on the left shows Mr. McHugh at the bottom and Mr. Brasgalla on the top at 2:41

pm. The screenshot on the right shows them at 2:53 pm. As I talked with them on 7/13/18, I

clearly pointed out to them that I was being illegally stalked and harassed by CSOs in the DPM

and TM courthouse while I was conducting myself in a lawful manner and sought for them to

immediately cause such stalking and harassment of me in those courthouses to end. Mr. McHugh

and Mr. Brasgalla refused to comply and instead gave a pretextual reason that was totally

baseless to support their position that such stalking of me was appropriate. I recall a conversation

that I had with Mr. McHugh that I believe was prior to that date in which he told me that either

**a)** I was being totally truthful about my complaints against CSOs to him and the USMS and that

CSOs were lying about me or **b)** I was not being truthful about my complaints or otherwise

exaggerating relevant information about them. Hindsight confirms that I was being totally

truthful about my complaints against CSOs to him and the USMS. I recall that he also told me

prior to 8/8/18 that I thought like an investigator.



19.   The screenshot shown next is from a video that was recorded by a video security camera that the USMS controls and shows Mr. Brasgalla on 7/10/18 at 4:13 pm on the 4th floor in DPM about 5 minutes before he illegally either took a photograph or recorded a video recording of a government identification card of mine that he asked me to show him that I promptly complied with without authorizing him to take a photograph of it nor record it on video.



20.     The screenshot shown next is from that same video and shows Mr. Brasgalla on 7/10/18

at 4:18 pm on that floor in DPM as he handed me back my government identification card right

after he illegally took a photograph of it or recorded it on video with a cell phone in violation of

my privacy and constitutional rights.



21.     The next screenshot is from a video that was recorded by a video security camera that the

USMS controls and shows Leonardo Toro on 8/8/18 at 3:12 pm on the 4th floor in DPM as he

illegally had possession of my backpack in his right hand in violation of my constitutional rights

after I was falsely accused of trying to assault Mr. Morales in that courthouse and illegally

arrested for that to add insult to injury instead of conducting a diligent and objective investigation that would have revealed that it was highly likely that Mr. Morales and Mr. Lui lied about me by claiming that I tried to assault Mr. Morales because it was Mr. Morales instead who was recorded on video in DPM as he illegally harassed me as he stuck one of his fingers in my face in the presence of CSO Foley as Mr. Foley illegally condoned that. All that Mr. Toro and others needed to do on 8/8/18 instead of causing me to be illegally and fraudulently arrested was **a)** buying me lunch in the cafeteria in DPM while they watched the videos from 8/7/18 and earlier dates that were recorded by video security cameras that the USMS controls to reach the obvious conclusion that CSOs were lying about me and covering-up illegal acts and omissions against me by one another inside of the DPM and TM courthouses and **b)** immediately arresting CSOs and causing them to be criminally prosecuted for that.



22.    The next screenshot is from a video that was recorded by a video security camera that the USMS controls and shows Mr. Toro and Mr. Morales on 8/8/18 at 3:38 pm on the 1st floor in DPM in the area where visitors drop-off their electronic devices to CSOs for safekeeping. The sum and substance of what is shown in this screenshot sufficiently confirms that Mr. Toro then illegally had possession of my backpack and had no interest in conducting a diligent and objective investigation that would have revealed that no objectively valid grounds existed to believe that I tried to assault Mr. Morales, who is bigger than me in size and is shown in this screenshot as he wore the costume of a CSO shortly after he assaulted me nearby in that courthouse while he was off-duty as a CSO and as he was dressed differently. On 8/7/18, Mr. Toro also illegally prohibited me from remaining inside of the DPM and TM courthouses in violation of my constitutional rights while I had legitimate business to conduct in them after Mr. Morales was recorded on video stalking, harassing, and threatening me inside of the DPM courthouse on 8/7/18.



23.     The next screenshot is from a video that was recorded on 8/7/18 by a video security

camera that the USMS controls and was installed on the exterior of the DPM near its entrance by

Pearl Street. What is shown in that screenshot corresponds to the time of 2:39 pm on 8/7/18. That

screenshot clearly shows Mr. Morales and an unknown male member of the USMS whom I have

identified as "John Doe 8/7/18 fist-bump" in this complaint as they performed what is commonly

known as a "fist-bump" with their hands that signifies a partnership and camaraderie between

them that is equivalent to a handshake between people. Mr. Morales appears to the right of John

Doe 8/7/18 fist-bump in this screenshot. They did so as they and I stood near the Pearl Street

entrance to that courthouse shortly after Mr. Morales illegally harassed me in it and members of

both the USMS and CSOs illegally condoned that. After I was illegally arrested on 8/8/18 inside

of that courthouse, that same unknown male member of the USMS was among the members of

the USMS who were present in a small room on the fourth floor in DPM as I was being

processed in conjunction with that illegal arrest.



24.     The next screenshot is from a video that was recorded on 8/7/18 by a video security

camera that the USMS controls inside of DPM on its first floor near its Pearl Street entrance and

shows John Doe 8/7/18 fist-bump on the left at 2:40 pm.



25.     The next screenshot is from a video that was recorded on 8/7/18 by a video security

camera that the USMS controls inside of DPM on its first floor near where visitors drop-off their

electronic devices to CSOs for safekeeping and shows John Doe 8/7/18 fist-bump on the far-right

as he stood next to Mr. Toro and another man who I believe also then worked for the USMS.

This screenshot corresponds to the time of 2:43 pm in that video.



26.     At all times relevant herein, Scott Kamien was a CSO who was assigned to the TM

courthouse. Upon information and belief, he made materially misleading remarks about me in

official government report in which he suggested that I wanted to meet Mr. Morales outside of a

courthouse to have a physical fight with him when I instead told him that I wanted to interact

with Mr. Morales outside of a courthouse in an area where there would be plenty of neutral

witnesses and video security cameras that the USMS didn't control that would prevent CSOs and

USMS to be able to continue to illegally cover-up illegal acts that Mr. Morales would perpetrate

against me outside of a courthouse. The next screenshot is from one that I took of Mr. Morales'

Facebook account that show photographs of him with Mr. Kamien that strongly suggests that he

and Mr. Kamien are friends. Also, I recall Mr. Kamien having once shared an elevator with me

inside of TM that whistleblower news censors in journalism also shared with us as Mr. Kamien

made a sarcastic remark to me as he rhetorically asked me if I wanted him to embarrass me in

front of my friends as he fraudulently suggested that those censors were my friends. He made

that remark in response to a valid complaint that I reported to him about the fact that he lied to

me about when a courtroom would be open for a public court hearing that I wanted to attend in

accordance with my constitutional rights. His lie about that materially impeded my ability to

attend that court hearing due to limited seating in it.



27.     Prior to becoming a CSO, Mr. Kamien worked for the NYPD's poorly named

"Intelligence Division" as a detective and appeared to have violated applicable law while doing

so by having spied on a woman for pretextual personal reasons by using connections that he had

with the Queens District Attorney's Office that were available to him through his employment

with the NYPD. Mr. Kamien appears to have been disciplined by the NYPD for doing so. A

summary about that was reported by a journalist named Leonard Levitt on 5/26/08 in a posting

that is entitled "Unintelligent Division" that he posted on a blog that is named "Tapatalk" that is

available on the Internet at https://www.tapatalk.com/groups/theerant/unintelligent-division-lenny-levitt-05-26-08-t4943.html.

28.     The next screenshot is from the video that Mr. Morales illegally recorded on 9/21/18 inside of DPM while he was behind a counter in the area where visitors drop-off their electronic devices to CSOs for safekeeping. I don't know who the woman in this screenshot is and have never talked with her. Defendant CSO John Doe 9/21/18 is shown on the right in this screenshot. His facial expression suggests that he was then aware that Mr. Morales was recorded that video with the Apple iWatch device that he used to do so as he also illegally recorded what is likely confidential security information in the area where he was behind that counter that had the potential to endanger the safety of those who visited and work in DPM in the event that video was shared with terrorists and others. By recording that video of me and others that includes audio, he flagrantly violated my constitutional and privacy rights and others as he also violated a standing order that U.S. Chief Judge Loretta Preska issued that prohibited such recordings inside of DPM. Defendant CSO John Doe 9/21/18 illegally made no effort to prevent Mr. Morales from recording that video in violation of his Fourteenth Amendment affirmative legal duty.



29.     CSO Dwarf was an elderly and pint-sized CSO at all times relevant herein. Shortly after I

was illegally arrested on 8/8/18, he had the audacity to illegally taunt me to try to harass and

intimidate me while I was understandably extraordinarily upset about the fact that I was just

criminally assaulted by Mr. Morales and fraudulently arrested in relation to that for absolutely no

valid reason. I vividly recall CSO Dwarf taunting me by making remarks to me on 8/8/18 as I sat

by a windowsill on the first floor in DPM near a convenience store that and Pearl Street while I

was illegally handcuffed. As I sat there, CSO Dwarf made remarks to me in which he told me

that he and other like him in the past would have badly assaulted me if I crossed paths with them.

Equitable relief that I hope to be granted through this action includes having this Court order

CSO Dwarf to immediately get in a boxing ring with me without any weapons to see who will

that fight, how fast, and how mercilessly. The next screenshot is from the time of 2:53 pm in a

video that was recorded on 9/21/18 by a video security camera that the USMS controls in the

area where visitors to the DPM drop-off their electronic devices to CSOs. This screenshot shows

CSO Dwarf.



30.    Lorna Schofield, Colleen McMahon, Gabriel Gorenstein are all federal judges who are assigned to the U.S. District Court for the Southern District of New York. Judge Schofield and Judge Gorenstein are both assigned to K1. On 7/20/18, I submitted a filing in K1 that was addressed to Judge Schofield in which I clearly informed her that I was experiencing illegal acts and omissions by CSOs and members of the USMS inside of DPM and TM as I sought to have her immediately perform her affirmative Fourteenth Amendment legal duty as a law-enforcement official to end that largely by using her authority pursuant to 28 U.S.C. §566 and the All Writs Act (28 U.S.C. §1651) for that purpose. She didn't try to do so however. She instead delegated that matter to Judge Gorenstein. He then issued an order on 8/6/18 in K1 in which he made biased, baseless, and entirely prejudicial remarks while providing that he is a dutiful and subservient cat's paw for the CSOs and USMS. In that order, he baselessly claimed that CSOs and the USMS would treat me properly inside of DPM and TM. Mr. Morales and other CSOs proved that Judge Gorenstein was dead wrong about his fraudulent and biased 8/6/18 claim just one day later as I have discussed above in this complaint. I also submitted 2 letters on or about 3/5/18 and 3/14/18 to the attention of U.S. Chief Judge Colleen McMahon that were about the illegal acts and omissions by CSOs that I just discussed. In response, she did nothing about that other than to suggest that I commence a civil action about that to seek appropriate redress. In short, of the judges who chose not to intervene on my behalf in response to my complaints to them against CSOs and member of the USMS violated relevant findings in _US v. Smith_, 426 F.3d 567 (2d Cir. 2005) that confirm that judges are required to exercise proper control of court that includes maintaining proper oversight over how security personnel conduct themselves inside of DPM and TM. The subject matter of _Marquez v. Hoffman_, No. 18-cv-7315 (ALC)(GWG)(S.D.N.Y.) strongly suggests that no immunity exists for any courthouse personnel

to whom I reported complaints against CSOs and members of the USMS that were certainly an extrajudicial matter that required the performance of an administrative instead of judicial function that isn't covered by judicial immunity. The subject matter of *Quirk v. DiFiore*, No. 7:20-cv-5027 (CS)(S.D.N.Y.) further speaks to the issue of judicial control over how courthouse security personnel operate. Similarly, the decision that U.S. District Judge Jed Rakoff in *State of New York v. United States Immigration and Customs Enforcement,* No. 19-cv-8876 (JSR) (S.D.N.Y.) confirms that federal judges have the authority to restrain how federal security personnel conduct themselves in courthouses.

31.     Ralph Sozio is the Chief U.S. Marshal for the Southern District of New York. His predecessor as such was Michael Greco. Upon information and belief, both of them are jointly responsible through their acts and omissions in illegally directing and otherwise condoning illegal acts and omissions that have been committed against me in DPM and TM since 2/27/18 by CSOs and other members of the USMS.

32.     All all times relevant herein, Sarah Mortazavi was an AUSA who was assigned to the USAO for the Southern District of New York and carried out the entirely frivolous and malicious prosecution of K2 that violated my Fourteenth Amendment equal protection and due process rights as well as my rights against selective-enforcement and standardless discretion the very instant it was commenced largely because though a video recording clearly exists that shows Mr. Morales committing the very same offenses against me on 8/7/18 inside of DPM for which I was charged in K2, no criminal prosecution was commenced against him for doing so by the USAO for the Southern District of New York. She also continued to maintain K2 against me even after Mr. Morales was caught lying about the video recording that he illegally recorded of me and others on 9/21/18. The enormous problems with Mr. Morales' credibility clearly necessitated the

immediate dismissal of K2. However, Ms. Mortazavi persisted with that total sham at my expense.

33.     Roseanna Dempsey worked inside of the Records Room inside of DPM for it as a clerk at all times relevant herein. Between 3:15 pm and 4 pm on 12/6/19, she illegally and irrationally refused to perform her duty as a clerk to provide me court records that I lawfully requested from her strictly because no CSO was then inside of the Records Room with both of us when I asked her for those court records. She told me that then that she wouldn't assist me until a CSO was inside of that room in spite of the fact that a video security camera is installed in that room, controlled by the USMS, and is pointed in the area where I interacted with her in that room. Ms. Dempsey violated my rights pursuant to the First, Fifth, and Fourteenth Amendment by refusing to provide me the court records that I sought when I requested them then. No immunity is available for that and that occurred after K2 was dismissed. This means that the practice of stalking me by CSOs inside of DPM had caused me by then to be unduly and prejudicially stigmatized in flagrant violation of my constitutional rights.

34.     Johnathan Hall and Jennifer Behrens work for a academic publication named the Duke Law Journal that is controlled by Duke University. Mr. Hall works for that publication as an Executive Editor. Mr. Hall wrote a report that was published in 2020 by the Duke Law Journal that is named "The Gorsuch Test: Gundy v. United States, Limiting the Administrative State, and the Future of Nondelegation". Copies of that report are available on the Internet at https://dlj.law.duke.edu/article/the-gorsuch-test-hal-vol70-iss1/ and from other locations on the Internet. That report contains defamatory statements about me in relation to K2. Mr. Hall lied in that report by claiming that an incident that occurred outside of a courthouse caused K2 to be commenced. He also lied by omission in that report by fraudulently misrepresenting as fact what

were nothing more than unproven allegations that were made against me in K2 before U.S.

Magistrate Judge Steven Tiscione issued an order on 10/21/19 in which he dismissed K2. His

dismissal of K2 effectively meant that the allegations that were made about and against me in K2

that claimed that I tried to assault Mr. Morales on 8/8/18 were false. However, Mr. Hall claimed

otherwise in his report. Ms. Behrens sent me an e-mail message on 2/25/21 that I received from

her at 9:55 am in which she identified herself as being Duke Law School's Journals Advisor. Her

e-mail signature in that e-mail lists the following additional information about her:

> Jennifer L. Behrens (she/her)
> Associate Director for Administration & Scholarship
> Journals Advisor
> Senior Lecturing Fellow
> J. Michael Goodson Law Library
> Duke Law School
> 210 Science Drive
> Box 90361
> Durham, North Carolina 27708-0361
> (919) 613-7198
> behrens@law.duke.edu

35.     She sent me that e-mail message in response to one that I sent on 2/20/21 to the Duke

Law Journal at dlj@law.duke.edu in which I ordered its management to immediately remove all

copies of Mr. Hall's report that contained false information about me from the Internet. In

response to my e-mail message, Ms. Behrens refused to do so by stating the following in the e-

mail that she sent to me:

> "Duke Law does not "depublish," remove, or alter previously-published journal content
> that is describing the facts and/or procedural posture of cases in the public record"

36.     Google, Inc. operates a web site that is known as Google Scholar that I use for legal

research. It also operates its Internet search engine. Google Scholar does not show Judge

Tiscione's 10/21/19 dismissal order for K2. It only shows other information about K2 that causes

me undue reputational harm. Google also produces search results that include links to copies of

the report that Mr. Hall wrote that contain defamatory information about me concerning K2. I seek for this Court to issue an order that orders Google to remove all listings from the search results for its Internet search engine that contain information about and links to Mr. Hall's report about me. I also seek for this Court to issue a takedown order against Google to have it immediately remove all information about K2 from its search results and from Google Scholar because that is causing me undue and prejudicial reputational harm that is irreparable and enormous harm.

37.     The United States of America is a defendant in this lawsuit because I do not believe that the USMS is a suable entity and that fact requires the United States of America to be sued in place of the USMS.

38.     The individual defendants are being sued herein in their individual and official capacities.

39.     At all times relevant herein, the CSOs who are defendants in this action were supervised by the DOJ, the USMS, and Intercon.

40.      At all times relevant herein, the CSOs and members of the USMS acted both on their own and together to commit illegal acts and omissions against me inside of the DPM and TM courthouses as well as inside of the Brooklyn federal courthouse. I have also been stalked by CSOs inside of the Brooklyn federal courthouse following 2/27/18 due to orders that the USMS issued.

41.     The individual defendants' acts that are complained about herein were carried out intentionally, recklessly, and oppressively with malice and egregious, callous, and wanton disregard of my rights.

42.     At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence

and support and the authority of their offices to one another.

## STATEMENT OF FACTS

1.      I incorporate by reference the statements that I made in all of the preceding paragraphs as though fully set forth herein largely because that information contains facts that are relevant in this section.

2.      CSO laptop dropped my laptop to the ground in TM on 2/27/18. One of his supervisors who is a man then told me on 2/27/18 inside of TM that I could make a complaint about that to the USMS on the fourth floor in DPM. That caused me to visit DPM on 2/28/18 to lawfully do exactly that. Upon arriving in the DPM' security screening area on 2/28/18 and encountering Mr. Quealley and Mr. Galgano, I promptly and matter-of-factly told them that I was there to report a complaint about my laptop having been dropped one day earlier inside of TM by CSO laptop. I also lawfully questioned Mr. Galgano about the extent to which CSOs receive proper training for handling electronic property that belongs to visitors to the federal courthouses in New York City as I clearly suggested that such training was inadequate because my laptop had just been dropped by a CSO. In response, Mr. Galgano obnoxiously told me that he didn't care about the fact that my laptop was dropped and that he didn't work with the CSOs who work inside of TM. As he spoke to me, Mr. Galgano rapidly became irate for no reason as I refused to relent about my entirely valid criticism about the lack of proper training given to CSOs for handling the property of visitors as my remarks to Mr. Galgano occurred inside of a public forum.

3.      The next screenshot shows an enlarged image from a video that was recorded on 2/28/18 inside of the DPM's security screening area on its first floor by a video security camera that the USMS controls. This screenshot corresponds to the elapsed time of 19 seconds in that video and the time of 3:38 pm. It shows Mr. Galgano as he suddenly lunged towards me in an entirely

unwarranted, unprovoked, and high provocative, aggressive, and confrontational manner to try to illegally intimidate me. He did so in retaliation for protected First Amendment speech that I was engaging in about the fact that inadequate security protocols and training appeared to exist for CSOs in New York City for how they were to handle property that belongs to visitors to federal courthouses in New York City to prevent such property from being damaged. This means that he illegally subjected me to viewpoint discrimination about a matter that was very relevant then because I was about to undergo a security screening procedure during which CSOs in that courthouse would be handling the very same property of mine that was just mishandled and partly damaged one day earlier inside of the TM courthouse by CSO laptop. When Mr. Galgano lunged at me then he promptly hand one of his hands raised towards me in an aggressive manner while my hands were lowered and a Black male member of the public who was also visiting that courthouse stood near me. I appear in the center in this screenshot with a black backpack over my right shoulder as Mr. Galgano stood in front of me and to my right as a Black male member of the public stood to my right and wore a light-colored jacket. CSO Jane Doe 2/28/18 stood to my left and Mr. Quealley stood in front of me.



4.      The next screenshot shows what appears in the preceding screenshot without any enlargement and establishes that presenting it in an enlarged manner here was warranted due to how small it is.



5.      The next screenshot is from the same time in the same video that was recorded on 2/28/18 inside of the DPM's security screening area on its first floor by a different video security camera that the USMS controls. This video has 4 video recordings shown in it in 4 separate panels that were presented in a grid layout. This screenshot confirms that my left arm was lowered when Mr. Galgano lunged at me because my elbow I clearly bent and my left forearm was angled downwards. I'm not dumb enough to initiate a physical altercation with someone who is performing a security function while I have reason to believe that they are armed. This doesn't mean, however, that I will hesitate to engage in legal self-defense if I am assaulted

because I won't hesitate.



6.      In short, CSO Galgano and CSO Quealley illegally both retaliated against me for my

First Amendment expression on 2/28/18 inside of DPM used physical force to criminally assault

me by shoving and putting me in a bear hug as they caused me to be ejected from DPM through

its Worth Street entrance. In hindsight, I should have elbowed Mr. Galgano very hard in his face

and broken his legs right after he first began shoving me to try to immediately end that assault.

The same is true about how I should have treated Mr. Quealley then.

7.      When I met both Mr. Galgano and Mr. Quealley on 3/13/18 inside of DPM in the security

screening area, Mr. Quealley told me that he was interested in again assaulting me in that

courthouse as I told him to provide me his name in order to facilitate my efforts to have him and

Mr. Galgano criminally prosecuted for their behavior towards me on 2/28/18. He told me that

after I walked through a metal detector while undergoing a standard security check. Shortly

thereafter, Mr. Galgano called me a smart-ass and dummy to try to antagonize me as he

fraudulently claimed to other CSOs nearby that I sought to bust his team's chops. This means

that he was yet again retaliating against me for First Amendment expression. Shortly thereafter, I

met another as I asked him for his name because he was then witnessing my interactions with

other CSOs as they became very confrontational toward me. He instead fraudulently defended

how his colleagues were treating me as I pointed to the video security cameras nearby and above

us to establish that independent objective video evidence would be available to show how we

interacted with one another. Soon thereafter, I met CSO Morales for the first time as he approached where I was from the area where visitors drop-off their electronic devices to CSOs. When I immediately told him that I was being harassed by his colleagues and that I was lawfully exercising my First Amendment rights primarily to try to get the names of those who had been abusive toward me on 2/28/18 to follow-up on those complaints and to report new complaints to the USMS on the 4th floor in DPM because they chose to again be abusive toward me, he asked me if I knew what the definition of harassment was. I told him that I did and what its legal definition is. As his colleagues continued to raise their voices toward me, he asked me if I was going to cry because of how they were verbally harassing me. In response, I told him that I previously met with the Brian McHugh of the USMS on the 4th floor in DPM to report complaints about the 2/28/18 by CSO Galgano and Quealley against me and that I sought to do so again because of how I was then being abused again in DPM. In response, Mr. Morales told me that whatever complaint I would make to Mr. McHugh would go straight back to him. He then lied to me by telling me that I was being disorderly and threatened to arrest me if I didn't leave DPM within 3 seconds. He next directed me to leave DPM through its Worth Street exit and I complied. All of this means that he then flagrantly violated my First Amendment, Fourth Amendment, Fifth Amendment, and Fourteenth Amendment rights in partnership with CSO Quealley and Galgano.

8.      On 3/15/18, I sent an e-mail message at 11:42 am to the Internal Affairs division of the DOJ to have it cause me to be immediately provided video that was recorded on 3/13/18 and 3/14/18 inside of DPM in regards to my interactions with CSOs then. I then re-routed that request to the FOIA division of the USMS on 3/15/18 in an e-mail message that I sent at 11:44 am. I thereafter received confirmation from Katherine Day of the USMS' FOIA division in a

voicemail message that the USMS instead illegally allowed those video recordings to be overwritten after the USMS sent me a notice in the mail in which it agreed to provide me those video recordings from 3/13/18 and 3/14/18. In short, the USMS engaged in illegal spoliation of evidence and obstruction of justice by doing so as it violated my rights pursuant to the First Amendment, Fifth Amendment, Fourteenth Amendment, and FOIA by doing so. It also committed mail fraud against me by doing so while also violating promissory estoppel in the process.

9.      Also, I recall that when I filed the second of the 2 letters that I addressed to Chief Judge McMahon in March of 2018, I did so by using the night depository drop box that is located inside of the DPM courthouse near its entrance by Worth Street. While doing so, an unknown male CSO deliberately walked directly into me from behind without saying anything. The USMS illegally covered that up by not providing me the video recordings from its security cameras from that date. I believe that occurred on 3/14/18 or 3/15/18. It may have been CSO Venturella who walked into me then.

10.     On 8/8/18, Mr. Morales clearly telegraphed that he was about to imminently assault me on the first floor in DPM in front of elevators near its court clerk's office by exhibiting a sharp and sudden twisting of his torso in a highly provocative fashion that unmistakably signaled that his impending assault against me. That prompted me instantly react by taking a few steps back to brace myself for that assault and try to give me a bit of time and distance to be able to effectively engage in legal self-defense to physically destroy Mr. Morales by breaking his legs to get him to the ground before possibly playing soccer with his head. The only reason why I then had a pen in my hand was because I had just used it to take notes while I had been in U.S. District Judge Alvin Hellerstein's courtroom on the fourteenth floor with CSO Lui. When Mr. Morales

suddenly rushed toward me to assault me on 8/8/18, I instinctively raised my hand in self-defense to try to block his assault. However, he was too quick for me and that enabled him to commit that assault against me then.

## CAUSES OF ACTION

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

**CLAIM #1:**                                    **False Arrest**

(Against Defendants United States of America, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Michael Greco, Ralph Sozio)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I stated earlier in this complaint.

**CLAIM #2:**                                    **Malicious Prosecution**

(Against Defendants United States of America, Ralph Morales, Manwai Lui, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Michael Greco, Sarah Mortazavi)

1.  I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.  The defendants that this claim concerns are liable for it due to the information that I stated earlier in this complaint.

**CLAIM #3:**                                    **Excessive Force**

(Against Defendants United States of America, Inter-Con Security, CSO Quealley, CSO

Galgano, Ralph Morales, CSO Lisa)

1. I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2. The defendants that this claim concerns are liable for it due to the information that I stated earlier in this complaint.

**CLAIM #4:**                                    **Unlawful Search and Seizure**

(Against Defendants United States of America, CSO Quealley, CSO Galgano, Ralph Morales, Manwai Lui, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Michael Greco, Ralph Sozio)

1. I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2. The defendants that this claim concerns are liable for it due to the information that I stated earlier in this complaint.

**CLAIM #5:**       **Failure to Properly Safeguard Plaintiff's Property While My laptop was in CSO custody on 2/27/18**

(Against Defendants United States of America, Inter-Con Security, CSO laptop, Jason Bragalla, Brian Mchugh, Leonardo Toro, Michael Greco)

1. I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2. The defendants that this claim concerns are liable for it due to the information that I stated earlier in this complaint.

**CLAIM #6:**                                    **Harassment**

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson,

Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, CSO Dwarf, Lorna Schofield, Colleen McMahon, Gabriel Gorenstein, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey, Johnathan Hall, Jennifer Behrens, Duke University)

1. I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2. The defendants that this claim concerns are liable for it due to the information that I stated earlier in this complaint.


**CLAIM #7:**                                        **Battery**

(Against Defendants CSO Quealley, CSO Galgano, Ralph Morales, CSO Lisa, Manwai Lui)

1. I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2. The defendants that this claim concerns are liable for it due to the information that I stated earlier in this complaint.


**CLAIM #8:**                          **Damage to My Property on 2/27/18**

(Against Defendants United States of America, Inter-Con Security, CSO laptop, Jason Bragalla, Brian Mchugh, Leonardo Toro, Michael Greco)

1. I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

3. The defendants that this claim concerns are liable for it due to the information that I stated earlier in this complaint.


**CLAIM #9:**                          **Spoliation of Evidence**

(Against Defendants United States of America, Ralph Morales, Jason Bragalla, Brian Mchugh,

Leonardo Toro, Michael Greco, Ralph Sozio)

1. I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2. The defendants that this claim concerns are liable for it due to the information that I stated earlier in this complaint.

**CLAIM #10:**        **Failure to Disclose Exculpatory Evidence**

(Against Defendants United States of America, Ralph Morales, Jason Bragalla, Brian Mchugh, Leonardo Toro, Michael Greco, Sarah Mortazavi)

1. I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2. The defendants that this claim concerns are liable for it due to the information that I stated earlier in this complaint.

**CLAIM #11:**        **Conspiracy to Cover-Up Misconduct by CSOs and members of the USMS**

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, Michael Greco, Ralph Sozio, Sarah Mortazavi)

1. I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2. The defendants that this claim concerns are liable for it due to the information that I stated earlier in this complaint.

**CLAIM #12:**        **Denial of Access to the Courts**

(Against Defendants United States of America, Inter-Con Security, CSO Quealley, CSO

Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Lisa, Manwai Lui, CSO John Doe 7/9/18, Jason Bragalla, Brian Mchugh, Leonardo Toro, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey

1. I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2. The defendants that this claim concerns are liable for it due to the information that I stated earlier in this complaint.

**CLAIM #13:**                    **Stigma-Plus Defamation**

(Against Defendants United States of America, Inter-Con Security, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, CSO Dwarf, Sarah Mortazavi, Roseanne Dempsey, Johnathan Hall, Jennifer Behrens, Duke University,)

1. I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2. The defendants that this claim concerns are liable for it due to the information that I stated earlier in this complaint.

**CLAIM #14:**  Violations of the First Amendment right of access to a public forum, to protest in a public forum, to receive information in a public forum, to distribute whistleblowing literature in a public forum, to engage in lawful assembly in a public forum, to engage in freedom of expression in a public forum, to otherwise engage in whistleblowing and criticism of government officials in a public forum, to engage in expressive association, and to petition government officials in a public forum for redress of grievances

(Against Defendants United States of America, Inter-Con Security, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, Manwai Lui, CSO John Doe 7/9/18, Jason Bragalla, Brian Mchugh, Leonardo Toro, Scott Kamien, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey)

1. I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set

forth herein.

2.   The defendants that this claim concerns are liable for it due to the information that I stated

earlier in this complaint.

**CLAIM #15:      First Amendment Retaliation, Viewpoint Discrimination,**
**and Standardless Discretion in Denying Access to a Public Forum**

(Against Defendants United States of America, Inter-Con Security, CSO Quealley, CSO
Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella,
Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, Jason Bragalla, Brian
Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18,
CSO Dwarf, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully

set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I

presented in this complaint.

**CLAIM #16:                 Violations of the Fourth Amendment**

(Against Defendants United States of America, Inter-Con Security, CSO Quealley, CSO
Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella,
Manwai Lui, CSO John Doe 7/9/18, Jason Bragalla, Brian Mchugh, Leonardo Toro, Scott
Kamien, Michael Greco, Ralph Sozio, Sarah Mortazavi)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully

set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I

presented in this complaint.

**CLAIM #17:                 Violations of the Fifth Amendment**

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley,
CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella,

Manwai Lui, CSO John Doe 7/9/18, Jason Bragalla, Brian Mchugh, Leonardo Toro, Scott Kamien, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I presented in this complaint.

**CLAIM #18:**                  **Violations of the Fourteenth Amendment Substantive Due Process Rights**

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I presented in this complaint.

**CLAIM #19:**                  **Violations of Procedural Due Process**

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, CSO Dwarf, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I presented in this complaint.

**CLAIM #20:**          <u>**Violations of the Fourteenth Amendment**</u>
<u>**Equal Protection Rights**</u>

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, CSO Dwarf, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I presented in this complaint.


**CLAIM #21:**          <u>**Violations of the Fourteenth Amendment**</u>
<u>**Prohibitions Against Selective-Enforcement**</u>

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, CSO Dwarf, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I presented in this complaint.


**CLAIM #21:**          <u>**Failure to Intervene in Violation of the**</u>
<u>**Fourteenth Amendment**</u>

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO

John Doe 9/21/18, CSO Dwarf, Lorna Schofield, Colleen McMahon, Gabriel Gorenstein, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I presented in this complaint.

**CLAIM #22:**                 __Failure to Train and Supervise__

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, CSO Dwarf, Lorna Schofield, Colleen McMahon, Gabriel Gorenstein, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey, Johnathan Hall, Jennifer Behrens, Duke University)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I presented in this complaint.

**CLAIM #23:**                 __Malicious Abuse of Process__

(Against Defendants United States of America, Inter-Con Security, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, Michael Greco, Ralph Sozio, Sarah Mortazavi)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I presented in this complaint.

**CLAIM #24:**                              <u>Deliberate Indifference</u>

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, CSO Dwarf, Lorna Schofield, Colleen McMahon, Gabriel Gorenstein, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey, Johnathan Hall, Jennifer Behrens, Duke University)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I presented in this complaint.


**CLAIM #25:**      <u>Fraudulent Misrepresentation and Fraudulent Inducement</u>

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, CSO Dwarf, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey, Johnathan Hall, Jennifer Behrens, Duke University)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I presented in this complaint.


**CLAIM #26:**                              <u>Negligence</u>

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, CSO Dwarf, Lorna Schofield, Colleen McMahon, Gabriel Gorenstein,

Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey, Johnathan Hall, Jennifer Behrens, Duke University)

1.     I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.     The defendants that this claim concerns are liable for it due to the information that I presented in this complaint.

**CLAIM #27:**     **Intentional and Negligent Infliction of Emotional Distress**

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, CSO Dwarf, Lorna Schofield, Colleen McMahon, Gabriel Gorenstein, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey, Johnathan Hall, Jennifer Behrens, Duke University)

1.     I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.     The defendants that this claim concerns are liable for it due to the information that I presented in this complaint.

**CLAIM #28:**                 **Unjust Enrichment**

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley, CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella, Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson, Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO John Doe 9/21/18, CSO Dwarf, Lorna Schofield, Colleen McMahon, Gabriel Gorenstein, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey, Johnathan Hall, Jennifer Behrens, Duke University)

1.     I incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I

presented in this complaint.


**CLAIM #29:**                          **Public and Private Nuisance**

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley,
CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella,
Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson,
Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO
John Doe 9/21/18, CSO Dwarf, Lorna Schofield, Colleen McMahon, Gabriel Gorenstein,
Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne Dempsey, Johnathan Hall, Jennifer
Behrens, Duke University)

1.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully

set forth herein.

2.      The defendants that this claim concerns are liable for it due to the information that I

presented in this complaint.


**CLAIM #30:**                          **Violation of My Privacy Rights**

(Against Defendants United States of America, Inter-Con Security, CSO laptop, CSO Quealley,
CSO Galgano, CSO Jane Doe 2/28/18, Ralph Morales, CSO Foley, CSO Lisa, CSO Venturella,
Manwai Lui, CSO John Doe 7/9/18, CSO Bitch Boy, CSO Death Threat, CSO Walter Johnson,
Jason Bragalla, Brian Mchugh, Leonardo Toro, John Doe 8/7/18 fist-bump, Scott Kamien, CSO
John Doe 9/21/18, CSO Dwarf, Michael Greco, Ralph Sozio, Sarah Mortazavi, Roseanne
Dempsey, Johnathan Hall, Jennifer Behrens, Duke University)

3.      I incorporate by reference the allegations set forth in all preceding paragraphs as if fully

set forth herein.

4.      The defendants that this claim concerns are liable for it due to the information that I

presented in this complaint.


**DEMAND FOR A JURY TRIAL**

1.      I demand a trial by jury in this action on each and every one of my damage claims.

## **PRAYER FOR RELIEF**

WHEREFORE, this Court should accept jurisdiction over this entire matter and grant me

additional relief by:

1.      Empaneling a jury to hear and decide this case strictly on its merits.

2.      Granting me damages that include punitive damages for each of my causes of action.

3.      To be determined through my submission of a further amended complaint.


Dated:          New York, New York
                February 26, 2021



                                        From,


                                        s_/Towaki Komatsu

                                        *Plaintiff, Pro Se*
                                        802 Fairmount Pl., Apt. 4B
                                        Bronx, NY 10460
                                        (347) 872-1205
                                        Towaki_Komatsu@yahoo.com