UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
TOWAKI KOMATSU,

                Plaintiff

    - against -

UNITED STATES OF AMERICA, et al.,

                Defendants.
------------------------------------------------------- x

**ORDER**

Case No. 21-CV-1838

DEARIE, District Judge[*]

      Plaintiff Towaki Komatsu ("Plaintiff"), proceeding *in forma pauperis*, Dkt. No. 3, brings over two dozen claims against a legion of defendants in their personal and official capacities. For the following reasons, the Court dismisses *sua sponte* and with prejudice all claims as to Judge Colleen McMahon, Judge Lorna Schofield, Magistrate Judge Gabriel Gorenstein, Assistant United States Attorney Sarah Mortazavi, Roseanne Dempsey, Jennifer Behrens, Johnathan Hall, Duke University, and Google, Inc.

      In an *in forma pauperis* action, the Court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The claims against Judge Schofield and Magistrate Judge Gorenstein are barred by judicial immunity as they arise from adjudicative action taken in a strictly judicial capacity—specifically, in presiding over another civil action Plaintiff initiated in the Southern District of New York, No. 18-cv-3698. Complaint ("Compl.") ¶ 30; Forrester v. White, 484 U.S. 219, 227 (1988) ("When applied to the paradigmatic judicial acts involved in resolving disputes

---

[*] Hon. Raymond J. Dearie, United States District Court for the Eastern District of New York, sitting by designation.

between parties who have invoked the jurisdiction of a court, the doctrine of absolute judicial immunity has not been particularly controversial.").

The claims against Assistant United States Attorney Mortazavi, which stem from her role as a government advocate in a criminal action against Plaintiff, Compl. ¶ 32, are barred by absolute immunity. Zahrey v. Coffey, 221 F.3d 342, 346 (2d Cir. 2000) (prosecutors enjoy absolute immunity with respect to actions taken as advocate, not as investigator); Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (Absolute immunity applies to "virtually all acts, regardless of motivation, associated with [a prosecutor's] function as an advocate.").

The claims against then-Chief Judge McMahon arise from her alleged failure to act in response to Plaintiff's correspondence complaining of mistreatment by certain court security officers ("CSOs"). Compl. ¶ 30. Plaintiff alleges Judge McMahon advised him to "commence a civil action . . . to seek appropriate redress." Id. The claims against Roseanne Dempsey, a clerk in the courthouse records room, arise from her alleged refusal to provide Plaintiff with requested court records until a CSO was present despite the nearby installation of a security camera. Id. ¶ 33. Regardless of whether the claims against Judge McMahon and Ms. Dempsey are barred by judicial immunity, they are plainly frivolous. An action is frivolous when it "lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (abrogated on other grounds). Such claims, for example, are those "of infringement of a legal interest which clearly does not exist." Id. at 327 (citation omitted). The Court cannot imagine an arguable legal basis or theory regarding these allegations that would entitle Plaintiff to relief. Chief Judge McMahon properly advised Plaintiff to seek redress for the CSOs' alleged conduct via commencement of a civil action and Plaintiff

does not allege Ms. Dempsey deprived him of access to court records indefinitely, but rather for a period of 45 minutes, ostensibly until a CSO arrived.

Lastly, the claims against Jennifer Behrens, Johnathan Hall, Duke University, and Google, Inc. are also frivolous and require dismissal. Plaintiff alleges Ms. Behrens and Mr. Hall, who worked for the Duke Law Journal, published a 2020 article that states as fact certain allegations the government made against Plaintiff in his criminal case. Compl. ¶¶ 34-35. Plaintiff claims Google, Inc., which operates the search engine called Google Scholar, fails to display Magistrate Judge Tiscione's eventual dismissal of Plaintiff's criminal case and instead links to copies of the Duke Law Journal article. Id. ¶ 36. Based on the facts alleged and the article itself, a hyperlink to which Plaintiff includes in his Complaint, there is no arguable legal basis or theory that would entitle Plaintiff to relief. The article describes a matter of public record: the district court's decision on Plaintiff's motion to dismiss the indictment. Google, Inc. does not act unlawfully in linking to a public journal article and is under no obligation to display publicly available information concerning Plaintiff's case that he deems favorable.

The claims against Judge Colleen McMahon, Judge Lorna Schofield, Magistrate Judge Gabriel Gorenstein, Assistant United States Attorney Sarah Mortazavi, Roseanne Dempsey, Jennifer Behrens, Johnathan Hall, Duke University, and Google, Inc. are dismissed with prejudice. The Clerk of Court is directed to mail a copy of this Order to Plaintiff. The United States Attorney for the Southern District of New York is invited to accept service on behalf of any of the remaining named defendants, and to promptly advise the Court accordingly.

Plaintiff is well advised to immediately cease name-calling and obscene language if he wishes to press his claims before the Court.

SO ORDERED.

Dated: Brooklyn, New York  /s/ Raymond J. Dearie____
       June 9, 2021  RAYMOND J. DEARIE
                                                                                 United States District Judge