UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TOWAKI KOMATSU,

                Plaintiff

      - against -

UNITED STATES OF AMERICA, et al.,

                Defendants.
------------------------------------------------------------ x

**ORDER**

Case No. 21-CV-1838

DEARIE, District Judge[*]

      Plaintiff moves for reconsideration of the Court's dismissal of claims against Defendants Duke University, Johnathan Hall, and Jennifer Behrens. Dkt. No. 44. He also moves for recusal of myself and the assigned Magistrate Judge. Dkt. No. 45. For the following reasons, both motions are denied.

      Motions for reconsideration under Rule 60 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp, Inc., 70 F.3d 255, 257 (2d Cir. 1995). As a threshold matter, the Court has jurisdiction to deny the present motion despite Plaintiff's pending interlocutory appeal, see Dkt. No. 26, of the Order with respect to which he now seeks reconsideration. See Burda Media, Inc. v. Blumenberg, No. 97-cv-7167(RWS), 2005 WL 323712, at *2 (S.D.N.Y. Feb. 8, 2005) ("The Second Circuit has stated that a district court may entertain and deny a Rule 60(b) motion filed during the pendency of an appeal without disturbing the jurisdiction of the Court of Appeals." (citing Toliver v. Cty. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992))).

---

[*] Hon. Raymond J. Dearie, United States District Court for the Eastern District of New York, sitting by designation.

Plaintiff alleged that Mr. Hall, Ms. Behrens, and Duke University published an article in the Duke Law Journal that stated as fact certain allegations the government made against Plaintiff in a prior criminal action against him. Dkt. No. 44 at 2. Observing that the article describes a matter of public record—the district court's decision on Plaintiff's motion to dismiss the indictment—the Court dismissed the claims as lacking an "arguable legal basis or theory that would entitle Plaintiff to relief." Dkt. No. 13 at 3.

In his motion for reconsideration, Plaintiff points to no controlling law or data that the Court overlooked which would entitle him to relief. He cites New York Civil Rights Law § 50 which prohibits a "person, firm or corporation" from "us[ing] . . . for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person." Even if Plaintiff had alleged that his name was used to "draw trade" to the Duke Law Journal, a requirement under § 50, Kane v. Orange Cty. Publ'ns., 649 N.Y.S.2d 23, 25 (App. Div. 1996), such an allegation would be far from plausible. The discussion of Plaintiff's case, which draws entirely from and cites to publicly available information, amounts to three paragraphs of a forty-one-page article about a constitutional principle that has nothing to do with the particular facts of Plaintiff's criminal case.

Additionally, the facts raised in Plaintiff's September 22, 2021, letter do not support his motion for reconsideration. Plaintiff's letter presents an email exchange with an associate general counsel of New York University stating that the University has removed a publication mentioning Plaintiff from its websites. Dkt. No. 51 at 3. This email exchange and NYU's decision to remove the publication from its website provide no basis for Plaintiff's claims against Defendants Duke University, Hall, and Behrens. See Shrader, 70 F.3d at 257. The motion for reconsideration is denied.

Plaintiff's motion for recusal is also denied. His purported basis for such action amounts to the Court's failure to grant the injunctive relief. Dkt. No. 45 at 1. The Court has every desire to move this matter forward and facilitate its resolution. However, it is still in the pleading stage and Plaintiff has indicated that he wishes to amend his complaint with supplemental claims. On Plaintiff's behalf the U.S. Marshals Service is in the process of effecting service upon the remaining defendants—the delay in doing so being no fault of Plaintiff's but nonetheless a reality in an action involving coordination between different districts and against several individuals, some of whose identities are unknown. Once all defendants have been served, the Court will assess Plaintiff's claims and the Government's anticipated motion to dismiss.

Plaintiff's letter of September 22, 2021, expresses his desire to add defendants to this action. Dkt. 51 at 5. As the Court explained in its August 9, 2021 Order, Plaintiff may amend his complaint as a matter of course within twenty-one days of service completion or twenty-one days of Defendants' responsive pleading or motion to dismiss. Dkt. 46.

In his letter to the Court of August 21, 2021, seeking recusal Plaintiff again resorts to language that is better left unsaid. While offering assurance that his comments "aren't intended to be a threat," Plaintiff warns of "circumstances that [he] expect[s] may occur because [I] and other federal judges continue to violate [our] legal duties . . . ." Dkt. No. 45 at 2. The Court appreciates Plaintiff's strong desire for speedy remedial action, but once again admonishes Plaintiff that extraneous and inappropriate commentary is not welcome and may jeopardize his ability to seek redress. The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York　　　　　　　　　/s/ Raymond J. Dearie
　　　　September 23, 2021　　　　　　　　　RAYMOND J. DEARIE
　　　　　　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　　　　　　Sitting by Designation