To:    U.S. District Judge Raymond Dearie
U.S. District Court for the New York Eastern District
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *Komatsu v. USA*, No. 21-cv-1838 (RJD)(RLM) (S.D.N.Y. Jan. 19, 2023)

Sunday, February 5, 2023

Judge Dearie,

    I'm submitting this letter to supplement the letter that I filed earlier in this case today partly to be granted reconsideration and reversal of your 1/19/23 dismissal order. The following information further establishes that I'm entitled to immediate **a)** reversal of that order, **b)** injunctive and equitable relief, and **c)** monetary sanctions:

1.    The next table lists links to information on the U.S. Supreme Court's web site where information is shown that indicates that I have two petitions for writs of certiorari that I need to prepare, print, and mail to the clerk's office for the U.S. Supreme Court by the deadlines shown in this table.

| # | Reference # | Link | Deadline |
|---|---|---|---|
| 1 | 22A601 | https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22a601.html | 3/19/23 |
| 2 | 22A602 | https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22a602.html | 5/21/23 |

2.    The U.S. Supreme Court ("SCOTUS") certainly will not grant me a further extension of time to mail my petitions for writs of certiorari to its clerk's office after I already received such extensions for that. That clerk's office has informed me that it needs me to provide it 10 copies for each of those petitions. There is a 40-page limit for the body section for each of those petitions and I need to include the underlying court decisions and orders for those petitions when mailing them to both that clerk's office and the attorneys for my legal adversaries that those petitions concern. Due to financial hardships of mine, I don't currently have access to sufficient

resources that I will need to print and mail all of those petitions by the applicable deadlines. Those financial hardships explain why I was granted a fee waiver to commence this case and other federal court litigation of mine since 2018. Those hardships have been greatly exacerbated by illegal, baseless, pretextual, and unduly prejudicial public-shaming and stigmatization of me by the U.S. Marshals Service ("USMS") and federal court security officers ("CSOs") inside of federal courthouses in New York City partly by illegally displaying images of my face and my name on tablet computer screens partly in security screening areas of those courthouses. That illegal practice certainly causes me reputational harm that is extremely detrimental to my ability to be granted job interviews and job offers partly by causing those who see those images of me to form superficial negative views about me strictly by seeing an image of me on those screens and possibly due to seeing and otherwise hearing CSOs stalk me, shout at me, insult me, curse at me, detain me, seize me, etc. while I'm inside of those courthouses and conducting myself in a lawful manner. What this means is that if I'm unable to mail those petitions to SCOTUS' clerk's office by the applicable deadlines for that and also mail copies of them to the opposing attorneys for those petitions by those deadlines, then my First Amendment right to petition for redress will impermissibly be violated and will experience enormous irreparable harm from that as a direct result.

3.  You have the authority pursuant to the 28 U.S.C. §566(a) and the All Writs Act to issue an order as a stopgap measure to properly block me from experiencing the irreparable harm that I just discussed. That can be arranged by having you order a member of the USMS to do all of the following:

    a.  Accept e-mailed petitions for writs of certiorari that I will prepare for those appeals.

      b.      Print them in single-sided form, **c)** mail 10 copies of them for each of those appeals to SCOTUS' clerk's office.

      c.      Mail additional copies of them to the attorneys for my legal adversaries for those appeals.

      d.      Perform all of those mailings prior to the applicable deadlines for those petitions.

      e.      Complete and mail a certificate of service form for those mailings to be included with the mailings to SCOTUS' clerk's office.

      f.      Use certified mail delivery for those mailings and provide me the tracking number for those mailings.

4.      You stated the following about what the legal standard is to obtain injunctive relief as you also addressed what you claimed isn't irreparable injury:

> "To obtain injunctive relief, a movant must establish, *inter alia*, that he will suffer irreparable harm in the absence of a court-ordered injunction. See <u>CRP/Extell Parcel I, L.P. v. Cuomo</u>, 394 Fed. Appx. 779, 781 (2d Cir. 2010). The Second Circuit has "long held that an injury compensable by money damages is insufficient to establish irreparable harm." <u>Id</u>. Yet all the harms Plaintiff complains of, including damage to property and reputation and resulting difficulties finding employment, can be compensated by a monetary award; they do not rise to the level of irreparable injury necessary to obtain injunctive relief. See <u>Ahmad v. Long Island Univ.</u>, 18 F. Supp. 2d 245, 248 (E.D.N.Y. 1998).

5.      In contrast to your representations about what the legal standard is to obtain injunctive relief and what irreparable harm covers, what I'll discuss next about **a)** <u>*Riverhead v. CSC Acquisition-NY, Inc.*</u>, 618 F. Supp. 2d 256 (E.D.N.Y. 2009), **b)** <u>*Shenzhen Miracle Laptop Bags Co., LTD v. Castillo*</u>, No. 22-cv-7734 (HG) (E.D.N.Y. Jan. 27, 2023), **c)** <u>*Jones v. Stanford*</u>, 489 F. Supp. 3d 140 (E.D.N.Y. 2020), **d)** <u>*Jasckson Hewitt Inc. v. Njoku*</u>, Civ. No. 21-7556 (KM)(ESK) (D.N.Y. May 6, 2021), and **e)** <u>*Flexible Technologies, Inc. v. World Tubing Corp.*</u>, 910 F. Supp. 109 (E.D.N.Y. 1996) indicates that the legal standard for being granted injunctive relief isn't as restrictive and limited as you claimed.

6. The following findings from <u>Riverhead v. CSC Acquisition-NY, Inc.</u> confirm that if **a)** actual harm that I will experience partly to my First Amendment right to petition for redress "cannot be satisfied by monetary damages at a later date" and **b)** a clear or substantial showing of likelihood of success on the merits" exists for my claims and/or requests for sanctions, then it certainly is appropriate for a judge to immediately grant me injunctive relief that I seek to prevent such irreparable harm:

> "plaintiffs must satisfy a heavy burden in order to prevail on their motion for a preliminary injunction, demonstrating both irreparable, actual harm that cannot be satisfied by monetary damages at a later date, as well as a clear or substantial showing of likelihood of success on the merits."

7. You lied on page 14 in your 1/19/23 dismissal order partly by claiming that damage to my "reputation and resulting difficulties finding employment" that I have been experiencing as a result of illegal and otherwise abusive acts by USMS personnel and CSOs partly by displaying images of my face and name on tablet computer screens inside of federal courthouses could be compensated by a monetary award and that such matters didn't rise to the level of irreparable injury necessary to obtain injunctive relief. Contrary to your lie about that, the following excerpt from <u>Shenzhen Miracle Laptop Bags Co., LTD v. Castillo</u> cites a decision that the Second Issued in support of findings in that case that pointed out that the "loss of reputation and goodwill constitutes irreparable harm:

> ""It is well recognized that the inability of a party to supply its products to customers as a result of a dispute will often result in a loss of goodwill sufficient to establish irreparable harm." <u>Home It, Inc. v. Wen,</u> No. 19-cv-7070, 2020 WL 353098, at *3 (E.D.N.Y. Jan. 21, 2020); *see also* <u>Really Good Stuff, LLC v. BAP Invs., L.C.,</u> 813 F. App'x 39, 44 (2d Cir. 2020) ("The loss of reputation and goodwill constitutes irreparable harm."); <u>Bionpharma Inc. v. CoreRx, Inc.,</u> 582 F. Supp. 3d 167, 175 (S.D.N.Y. 2022) ("[D]epriving a party of the opportunity to sell an entire line of merchandise may cause that party to incur injury to its goodwill and reputation as a dependable distributor. This reputational damage is difficult to repair because even in the event that [plaintiff] finds an alternative supplier, customers may refuse to return to [plaintiff], because of its lack of dependability in supplying its product.")."

8. *Shenzhen Miracle Laptop Bags Co., LTD v. Castillo* also contains the following findings that address the degree to which a plaintiff must establish a likelihood of success in connection with requests for injunctive to be granted that relief:

> "To establish a likelihood of success on the merits, a plaintiff need not show that success is an absolute certainty. He need only make a showing that the probability of his prevailing is better than fifty percent." *Home It,* 2020 WL 353098, at *5. Plaintiff does not need to establish likelihood of success on all of its claims, but on at least one of its claims. *Sound Around,* 2022 WL 17811475, at *4

9. When you issued your 1/19/23 dismissal order in this case you fraudulently omitted the material fact that whether "a preliminary injunction is in the public interest" is to be considered by judges when deciding whether to grant injunctive relief. You omitted that in spite of the fact that you previously acknowledged that issue in the following excerpt from your 9/9/20 decision in *Jasckson Hewitt Inc. v. Njoku*:

> "A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest."

10. *Jasckson Hewitt Inc. v. Njoku* contains the following findings that indicate that irreparable harm partly consists of **a)** harm that isn't "redressable by money damages at a later date" and **b)** a "loss of control of reputation, loss of trade, and loss of good will".

> "Harm is considered "irreparable" if it is not redressable by money damages at a later date, in the ordinary course of litigation. *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir.1989) (citing *Sampson v. Murray,* 415 U.S. 61, 90 (1964)). Jackson Hewitt submits that it will suffer irreparable harm without a preliminary injunction due to loss of control of reputation, business opportunities, and good will. (DE 4-1 at 24). In the Third Circuit, such losses constitute irreparable injury. *Kos Pharms., Inc. v. Andrx Corp.,* 369 F.3d 700, 726 (3d Cir. 2004) ("Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of good will.") (internal quotation marks omitted) (quoting *Pappan Enters., Inc. v. Hardee's Food Sys., Inc.,* 143 F.3d 800, 805 (3d Cir.1998))."

11.     Neither USMS personnel nor anyone else has informed me that neither USMS personnel nor CSOs still illegally possess an image of my face that is from evidence in *People v. Komatsu, No. 2017BX048917 (Bronx Crim. Ct. Jan. 23, 2020).* As a reminder, I prevailed in that malicious prosecution on 1/23/20 when it was both dismissed and sealed. CSOs illegally were possessing and displaying an image of my face from that case and my name on tablet computer screens after that case was dismissed and sealed. That fact certainly means that you needed to issue an order against the USMS to destroy all copies of that image that was in its possession and that of CSOs. No reason exists to trust any member of the USMS nor CSOs who may choose to claim that they no longer possess a copy of that image. That means that you need to issue an order to make certain that the USMS and CSOs no longer possess any material that is from that case. *Flexible Technologies, Inc. v. World Tubing Corp.* contains the following related findings that confirm that a loss of secrets constitutes irreparable harm:

> "Courts have recognized that the loss of trade secrets constitutes irreparable harm because money damages are inadequate to compensate the loss. *See Computer Associates Int'l, Inc. v. Bryan,* 784 F.Supp. 982, 986 (E.D.N.Y.1992) (Spatt, J.) ("The loss of trade secrets is not measurable in terms of monetary damages ... [because] `a trade secret once lost is, of course, lost forever and is thus considered irreparable harm.'") (citing *FMC Corp. v. Taiwan Tainan Giant Indus. Co.,* 730 F.2d 61, 63 (2d Cir.1984)). Because money damages would not compensate Flexible for the loss of its trade secrets, Flexible has established that it would suffer irreparable harm if the preliminary injunction were not granted."

12.     In a similar vein, New York State Supreme Court Judge Lyle Frank explicitly stated in his 9/27/21 decision in *RC v. City of New York*, 2021 N.Y. Slip Op 32049 (Sup. Ct. 2021) that "once a sealed document is seen it cannot be unseen." He made that remark in the context of the following findings as he addressed the fact that the City of New York and NYPD illegally

violated sealing orders in litigation by enabling material in such litigation after it was sealed to be available to others while the City of New York and NYPD were custodians for that material:

> "Plaintiffs argue that failing to issue this preliminary injunction requiring compliance with the sealing statutes requested herein will lead to irreparable harm to all those whose records are sealed but readily accessible. The Court agrees with this argument as once a sealed document is seen it cannot be unseen."

13.  *Fredin v. Middlecamp*, No. 17-cv-03058 (SRN/HB) (D. Minn. Nov. 23, 2020) cites *Chambers v. Nasco, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) and states the following about the fact that judges are authorized to use their inherent power to impose sanctions against those who harass people that include plaintiffs:

  a. ""Although litigants do not `surrender their First Amendment rights at the courthouse door,' those rights may be subordinated to other interests that arise in this setting." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 32 n.18 (1984) (citation omitted). Here, whatever right Fredin may have to publicly criticize Defendants' counsel and the Court is subordinate to the public's interest in the judiciary's ability to make decisions without fear of harassing and defamatory reprisal, as well as Defendants' interest in preserving their counsel from Fredin's harassment."

  b. "Because Fredin's misconduct occurred largely outside of court filings or the discovery process, the Court finds that the sanctions mechanisms available under the Federal Rules of Civil Procedure are inadequate, and the Court may therefore rely on its inherent power.

     The Court's inherent power extends to the imposition of "sanctions appropriate `for conduct which abuses the judicial process."

  c. "Abusive conduct sanctionable under the Court's inherent power includes extrajudicial communications intended to harass or intimidate opposing parties, their counsel, or the Court. *See, e.g., Frumkin v. Mayo Clinic,* 965 F.2d 620 (8th Cir. 1992) (upholding sanction in response to litigant threatening witnesses)"

14.  In short, the preceding findings certainly buttress my point in this case that USMS personnel and CSOs have illegally displayed images of my face and name to the general public inside of public areas outside of courtrooms while there never was any valid reason to do that. That practice was designed to and has, in fact sabotaged litigation of mine partly by enormously provoking me that, in turn, proximately caused me to express offensive remarks in legal filings

in *Komatsu v. City of New York*, No. 18-cv-3698 (LGS)(GWG)(S.D.N.Y. Sep. 27, 2021) before she illegally dismissed that case partly due to those offensive remarks that simply mirrored how CSOs and USMS personnel misbehaved towards me as she illegally condoned and enabled that.

15.     The USMS certainly has been legally required to present a strong factual showing to justify the illegal and abusive acts and omissions by its personnel and CSOs against me that I referred to as "the USMS' crimes against me" in my earlier filing in this case today. However, the USMS has clearly not met its burden. Quite to the contrary, its personnel have engaged in a criminal cover-up about that against me and you have countenanced that. Moreover, you were legally required to properly explain precisely why you refused to grant me injunctive relief against the USMS and CSOs in this case. You didn't do so however. You need to rectify that immediately. For example, the USMS needs to provide you and I an objectively credible explanation for why its personnel and CSOs have been displaying my name and images of me on tablet computer screens inside of federal courthouses in New York City in a manner that is viewable to visitors to those courthouses.

16.     On 3/1/14, the New York Daily News published a news article on the Internet that is entitled "De Blasio names Steven Banks commissioner of the Human Resources Administration". That article is available at https://www.nydailynews.com/new-york/de-blasio-names-steven-banks-commissioner-hra-article-1.1707005. That article reports that after Steven Banks sued the City of New York for 30 years largely about homeless issues, the City of New York decided to stop him from continuing to do that by hiring him to be the commissioner of the New York City Human Resources Administration ("HRA") to try to tackle the problem of homelessness in New York City. I have met Mr. Banks many times and know that he is a con artist. However, that doesn't change the fact that the City of New York's decision to hire him to

remedy the problem of homelessness in New York City supports a request that I made in this case to have you issue an order that would cause me to be promptly hired for a job in which I would provide proper oversight for how the USMS and CSOs operate.

| | |
|---|---|
| From, | 9119 Pembroke Ct. |
| | Fort Mill, SC  29707 |
| Towaki Komatsu | Tel: 347-316-6180 |
| | Towaki_Komatsu@yahoo.com |
| s_/Towaki Komatsu | |
| *Plaintiff, Pro Se* | |