| | |
|---|---|
| To: | U.S. District Judge Raymond Dearie<br>U.S. District Court for the New York Eastern District<br>225 Cadman Plaza East<br>Brooklyn, NY 11201 |
| Cc: | U.S. Chief District Judge Laura Taylor Swain<br>Daniel Patrick Moynihan courthouse<br>500 Pearl St.<br>NY, NY 10007 |
| Re: | *Komatsu v. City of New York*, No. 22-cv-1838 (RDJ)(RLM) (S.D.N.Y. Jan. 19, 2023) |

Thursday, February 9, 2023

Judge Dearie,

    A diligent comparison between the text in your 2/7/23 order in this case with my 2/1/23 filing in it confirms that you lied in your 2/7/23 order by claiming that my 2/1/23 filing was an application that was similar to the 2 letters that I filed in this case on 2/5/23. Contrary to your lie, my 2/1/23 letter was mainly a request for an extension of time to submit my motion for reconsideration in response to your 1/19/23 dismissal order. I didn't intend for my 2/1/23 filing by any means to constitute my motion for reconsideration. The fact that I provided you a brief overview of just some of the deficiencies in your 1/19/23 dismissal order doesn't change this fact.

    The 2 letters that I filed in this case on 2/5/23 were my timely filed motions primarily for reconsideration in response to your 1/19/23 dismissal order. The page length of those 2 filings combined is 85 pages. You illegally didn't diligently consider the entirety of my 2/5/23 filings in this case before you issued your baseless, biased, unduly prejudicial 2/7/23 order. My First Amendment rights entitled me to such a diligent and objective review of that. U.S. District Judge Lorna Schofield issued the decision in *United States Securities and Exchange Commission v. Collector's Coffee, Inc.*, No. 19-cv-4355 (LGS)(GWG) (S.D.N.Y. Dec. 9, 2020) and stated the

following to point out that she agreed to recuse herself from that case to avoid any appearance of impropriety:

> "While there is currently no conflict based on which my "impartiality might reasonably be questioned," United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000), for the reasons discussed herein, including the avoidance of any appearance of impropriety, the motion is granted."

The fact that you illegally didn't consider my 2/5/23 motions for reconsideration in this case is actual, substantial, and unduly prejudicial impropriety and obstruction of justice. As such, that requires your immediate ouster from this case. The Code of Conduct for U.S. judges is available at https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges#:~:text=(1)%20A%20judge%20should%20be,decorum%20in%20all%20judicial%20proceedings. The following shows the text of Canon 3(B)(5) and Canon 3(B)(6) that **a)** are included in that Code of Conduct and **b)** confirm that Judge Swain is legally required to intervene promptly, decisively, and properly about this matter:

> "(5) A judge with supervisory authority over other judges should take reasonable measures to ensure that they perform their duties timely and effectively."

> "(6) A judge should take appropriate action upon receipt of reliable information indicating the likelihood that a judge's conduct contravened this Code, that a judicial employee's conduct contravened the Code of Conduct for Judicial Employees, or that a lawyer violated applicable rules of professional conduct."

As a result, immediately and explicitly acknowledge the material fact that you didn't diligently consider the entirety of my 2/5/23 filings in this and that you certainly didn't accord me the special solicitude that I was owed then by you. Also, immediately recuse yourself from this case and ask Chief Judge Swain to have a different judge who is assigned to a courthouse outside of the Second Circuit to be assigned to this case to promptly and diligently consider the entirety of my 2/5/23 filings in this case. I have had a clear legal right all along for the appearance of justice to exist in this case. However, you proved that it was futile for me to be

accorded that while you were assigned to this case. You did so partly by not giving me proper consideration about my 2/5/23 filings. On a related note, the Second Circuit addressed similar futility in its 2/3/23 decision in *Z.Q. v. N.Y.C. Dep't Educ.*, No. 22-939 (2d Cir. Feb. 3, 2023) as it stated the following on page 5:

> "To demonstrate futility, a plaintiff "must demonstrate that adequate remedies are not reasonably available or that the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process." Id. (internal quotation marks and citations omitted). For example, futility may arise where the complaint alleges "systemic violations" that the administrative review process "had no power to correct," J.S., 386 F.3d at 113. Similarly, futility is established if "the agency has adopted a policy or practice of general applicability that is contrary to law.""

Your behavior towards me in this case has been exponentially worse than any offensive remark of mine in legal filings. Also, I actually now owe you a bit of thanks. This is because your indisputable and illegal prejudice and bias against me provides me further grounds to reinstate at least one earlier federal lawsuit of mine that was dismissed on the baseless and implicit assumption that you would properly do your job in this case.

| | |
|---|---|
| From, | 9119 Pembroke Ct. |
| | Fort Mill, SC  29707 |
| Towaki Komatsu | Tel: 347-316-6180 |
| | Towaki_Komatsu@yahoo.com |

s_/Towaki Komatsu
*Plaintiff, Pro Se*